IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NELSON KIRK,**                                :
       **Plaintiff**                    :          **CIVIL NO. 1:CV-04-1990**
       **v.**                                  :          **(Judge Rambo)**
**KENNETH ROAN,** *et al.*,           :
       **Defendants**               :

## M E M O R A N D U M

**I.**    **Background**

Plaintiff, Nelson Kirk, formerly[1] an inmate confined at the Rockview State Correctional Institution ("SCI-Rockview") in Bellefonte, Pennsylvania, commenced this action *pro se* with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Named as Defendants are the following officials at SCI-Rockview: Sergeant Kenneth Roan, Correctional Officer; Robin Kerstetter, Unit Manager; Jeffrey Rackovan, Grievance Coordinator; Frank Tennis, Superintendent; Major George Snedeker; Robert Meyers, past Superintendent; Tshanna Kyler, Grievance Review Officer; and H. Clifford O'Hara, Director, Office of Professional Responsibility. Plaintiff alleges that Defendants denied him equal protection and due process, they conspired to retaliate against him for filing a grievance, and they have inflicted cruel and unusual punishment on Plaintiff. For relief, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages in the amount of $10,000.00 from each defendant, attorneys fees, and other appropriate relief.

Presently pending is Defendants' motion to dismiss. (Doc. 12.) Defendants timely filed a brief in support of the motion, Plaintiff filed a brief in opposition, and the

---

[1] On April 12, 2004, Plaintiff was transferred from SCI-Rockview to the State Correctional Institution in Coal Township, Pennsylvania. (Doc. 13 at 1.)

motion is ripe for disposition. For the reasons set forth below, the motion will be granted.

## II.        Discussion

### A. Motion to Dismiss Standard

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim upon which relief may be granted. In rendering a decision on a motion to dismiss, the court must accept the plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle the plaintiff to relief. *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004). The court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents. *See Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Exhaustion Requirement

Defendants' motion to dismiss is based upon a contention that Plaintiff has failed to exhaust his administrative remedies in regard to his claims set forth in the instant action. With respect to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. *Fortes v. Harding*, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

Nevertheless, "[f]ailure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (citing *Ray v. Kertes*, 285 F.2d 287, 295 (3d Cir. 2002)). A prisoner has no duty to plead exhaustion in the complaint, and it is the defendant's burden to support with credible evidence. *Ray*, 285 F.3d at 297.

The Pennsylvania Department of Corrections has established a Consolidated Inmate Grievance Review System, policy number DC-ADM 804, which became effective May 1, 2002. (Doc. 13, Ex. B.) With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal

3

resolution of the problem, a written grievance may be submitted to the facility grievance coordinator. (DC-ADM 804 § VI(A)(1)(f)). If the facility grievance coordinator determines that the grieved issue is in accordance with DC-ADM 804, "the facility grievance coordinator [shall] designate a staff member to serve as the Grievance Officer for that issue." (*Id.*, § VI(B)(1)(e)). "If the Grievance Officer submits the grievance for formal resolution, he/she shall provide a written response to the inmate within ten working days of receipt of the grievance." (*Id.*, § VI(B)(1)(i)).

An inmate may appeal the initial review decision, in writing, to the facility manager within five working days of receipt of the decision. (*Id.*, § VI(C)(1)(b)). The facility manager shall notify the inmate of his/her decision within fifteen working days of receiving the appeal. (*Id.*, § VI(C)(2)(c)). An appeal from the facility manager's decision may be made in writing to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within five working days of receiving the decision. (*Id.*, § VI(D)(1)(b)). Such appeals shall include photocopies of the initial grievance, initial review, initial review response, and the appeal to the facility manager along with the facility manager's decision. (*Id.*, § VI(D)(1)(h)).

Both Plaintiff and Defendants acknowledge that Plaintiff filed grievances raising issues[2] set forth in the instant complaint, and both parties have submitted copies of grievances and responses. (*See* Doc. 8; Doc. 13, Exs. C-E). Defendants have attached several documents to their brief in support of motion to dismiss (Doc. 13), which incorporate Plaintiff's grievance # 24096 (Ex. C), as well as a letter dated August 30, 2002, from SOIGA to Plaintiff ("SOIGA letter") related to grievance #

---

[2] It appears that Plaintiff raised some, but not all of the issues raised herein; there is no evidence of a grievance related to the retaliation claim.

24096. Plaintiff does not challenge the authenticity of the documents accompanying Defendant's brief, and Plaintiff has filed a complete set of grievance forms and responses related to grievance # 24096. Since both parties confirm the authenticity of these documents, it is proper to consider these documents without the necessity of converting the motion to dismiss to a motion for summary judgment. *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196 ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document.").

A review of the record confirms that the Plaintiff has filed a grievance against Defendants, but Plaintiff's appeal to SOIGA was incomplete because it lacked photocopies of the initial grievance, initial review, the appeal to the facility manager, and the facility manager's decision. (*See* Doc. 13, Ex. D). This deficiency was made known to Plaintiff in the SOIGA letter, and Plaintiff was given ten (10) days to correct the problem and resubmit the grievance. Notwithstanding instruction in the SOIGA letter on the necessary corrective measures for the deficient grievance (*See* Doc. 33, Ex. E at 6-7; Doc. 34, Ex. C at 29), no corrective measures were taken.

Plaintiff contends that he has sought to exhaust the claims against Defendants, but his assertion is contradicted by the documents he has submitted in support of his complaint. (Doc. 8.) Plaintiff asserts that he has exhausted his administrative remedies because "throughout the grievance process [he] filed timely appeals." (Doc. 14 at 2.) However, it is the sufficiency, and not the timing of Plaintiff's SOIGA appeal that is at issue. Liberally construing the complaint of this *pro se* litigant the Court concludes that Plaintiff has failed to exhaust his administrative remedies on the claims set forth in his complaint. The complete administrative procedure was made available to the

5

Plaintiff, and he did not fully avail himself of that process.  The procedure contemplates several tiers of review, and the grievance system is not exhausted when an inmate fails to take timely action through established channels to a conclusion. Plaintiff's failure to comply with established procedures warrants dismissal of Defendants from this case, and amendment of the complaint will not cure Plaintiff's failure to exhaust administrative remedies.  An appropriate order will issue.


          s/Sylvia H. Rambo
          SYLVIA H. RAMBO
          United States District Judge

Dated:  September 1, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**NELSON KIRK,**                  :
                                  :
    **Plaintiff**      :   **CIVIL NO. 1:CV-04-1990**
                                  :
    **v.**             :   **(Judge Rambo)**
                                  :
**KENNETH ROAN,** *et al.***,**   :
                                  :
    **Defendants**     :

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion to dismiss (Doc. 12) is **GRANTED**.

2) The Clerk of Court is directed to enter judgment in favor of Defendants and against the Plaintiff.

3) The Clerk of Court shall close this case.

4) Any appeal from this order shall be deemed frivolous, without good cause, and not taken in good faith.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: September 1, 2005.