IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON KIRK, | : | Civil No. 1:04-CV-1990 |
| Plaintiff | : | JUDGE SYLVIA H. RAMBO |
| v. | : | |
| KENNETH ROAN, MR. KERSTETTER, MR. J. RACKOVAN, FRANK TENNIS, MAJOR SNEDEKER, ROBERT MEYERS, TSHANNA KYLER, and H. CLIFFORD O'HARA, | : | |
| Defendants | : | |

**M E M O R A N D U M**

Before the court is Defendants' Motion to Dismiss Plaintiff's complaint.  The parties have briefed the issue and the matter is ripe for disposition. For the reasons set forth below, the court will grant Defendants' motion.

**I.      Background**

**A.    Facts**

Plaintiff Nelson Kirk is an inmate currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township"). He was transferred to SCI-Coal Township from the State Correctional Institution at Rockview ("SCI-Rockview") on April 12, 2004.  Events that occurred when Plaintiff was at SCI-Rockview are the grounds for his complaint.  Defendants are

employees and officials of the Pennsylvania Department of Corrections, most of whom are employed at SCI-Rockview.[1]

On July 2, 2002, Plaintiff filed an Official Inmate Grievance form (hereinafter "Grievance") with Defendant Jeffrey Rackovan, the SCI-Rockview Grievance Coordinator, in accordance with the administrative rules of the Pennsylvania Department of Corrections.[2]   Numbered 24096, the Grievance begins with the statement that Plaintiff filed the Grievance, in part, "[d]ue to the cronic [*sic*] desire of 6-2 [shift] Sgt. Kenneth Roan [ ] for expressing sexually distasteful remarks toward me."[3]

In particular, according to the Grievance, on June 28, 2002, Defendant Roan made "lewd" responses to Plaintiff's request to use the housing unit's plunger. Further, Defendant Roan suggested to Plaintiff's cellmate that he be careful to "keep an eye on [Plaintiff]," implying that Plaintiff is homosexual.  When Plaintiff expressed his discomfort with Defendant Roan's manner of joking, Defendant Roan responded with a "rash of sexually distasteful remarks" toward Plaintiff in front of a number of inmates who resided in Plaintiff's housing area.  Defendant Roan then commented, in front of "several dozen" inmates, "If we were alone, we would be having sex."

---

[1] All defendants other than Defendant Roan were involved at various stages of Plaintiff's internal appeal of the disposition of his Grievance.

[2] Plaintiff attempted to file his Grievance on June 28, 2002, but the form was incomplete. (Compl. ¶¶ 14-20.)  Plaintiff completed the form and resubmitted it on July 2, 2002.  (*Id.* ¶ 20.)

[3] Plaintiff's complaint alleges that Defendant Roan's verbal sexual harassment began in December 2001.  (Compl. ¶ 12.)  Although Plaintiff further alleges in his complaint that Defendant Roan's harassment made him feel "so threatened he feared that at anytime [*sic*] Sgt. Roan would cause him undue physical harm and hardship" while imprisoned, there is no record before the Court of any internal prison grievance filed regarding any pattern of harassment.  (*Id.* ¶ 13.)

### B.    Procedural History

Plaintiff filed his *pro se* complaint in this court on September 8, 2004. He was granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915 on September 17, 2004.  After briefing, Defendants' Motion to Dismiss for failure to exhaust administrative remedies was granted on September 1, 2005.  Plaintiff timely appealed the decision, and the Third Circuit vacated the order and remanded the case on December 20, 2005, for lack of sufficient evidence of failure to exhaust administrative remedies.

In its opinion, the Third Circuit identified the three essential claims asserted in Plaintiff's complaint, which are 1) sexual harassment by Defendant Roan, 2) retaliation by prison officials for having filed a grievance about the sexual harassment, and 3) the unconstitutionality of the administrative review process for Pennsylvania inmate grievances.  *Kirk v. Roan*, 160 F. App'x 188, 189 (3d Cir. 2005) (per curiam).  Because Plaintiff "did not file inmate grievances as to the [retaliation and review process] allegations in his complaint . . . any attempt . . . to now exhaust [those] claims would be untimely, [and therefore] the claims are procedurally defaulted."  *Id.* (citing *Spruill v. Gillis*, 372 F.3d 218, 226 (3d. Cir. 2004)).  The sexual harassment allegations contained in Grievance 24096 are the only claims not defaulted, thus only those allegations are properly before the court. *Kirk*, 160 F. App'x at 191 n.1.

On June 13, 2006, Plaintiff moved to include in his case a retaliation claim stemming from the facts alleged in Grievance 24096.  The motion was denied. Plaintiff's appeal from that ruling is pending.  Defendants filed a second Motion to

Dismiss on June 15, 2006, and their brief in support followed on June 29, 2006. Plaintiff filed his opposition to the motion on July 18, 2006.

**II.**          **<u>Legal Standard - Motion to Dismiss</u>**

When faced with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences therefrom. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendants on notice of the essential elements of the plaintiff['s] cause of action." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). The court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*, 189 F.3d 305, 311 (3d Cir. 1999). In the case of a *pro se* plaintiff, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

In deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a

4

motion to dismiss if the plaintiff's claims are based on the [attached] document[s]."
*Id.*

As a general rule in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-7 (3d Cir. 2000). However, when the complaint filed by a plaintiff who is proceeding *in forma pauperis* fails to state a claim, the court "shall" dismiss the case pursuant to 28 U.S.C § 1915(e)(2)(B)(ii). *See Nagy v. FMC Butner*, 376 F.3d 252, 255 (4th Cir. 2004) (observing that *in forma pauperis* plaintiffs do not need "to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit"). The Circuits to address the standard for dismissal under § 1915(e)(2)(B)(ii) have used same standard that applies under Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11 th Cir. 1997); *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

**III.**        **Discussion**

Section 1983 provides recourse for any person who has been deprived of his rights as established by the United States Constitution or federal law. 42 U.S.C. § 1983. A plaintiff must plead and prove that the defendant, acting under the color of law, deprived him of those rights. *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). A defendant acts under the color of law when, in the course of the alleged actions against the plaintiff, the defendant was "invested with

the power and authority of the state." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) (police officers are "a set of state actors").[4]

According to the Prison Litigation Reform Act, ("PLRA"), an inmate challenging prison conditions under § 1983 must exhaust "such administrative remedies as are available" at the inmate's correctional facility.  47 U.S.C. 1997e(a). The Third Circuit has observed that the policy objectives of the PLRA are best served by interpreting the administrative exhaustion requirement to include a procedural default component.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004). As a result, if a prisoner fails to timely file a grievance with the administration of the prison system, the prisoner is barred from raising the claim in federal court.  *Id.* ("[S]uch a rule prevents an end-run around the exhaustion requirement, and thereby creates an overwhelming incentive for a prisoner to pursue his claims to the fullest within the administrative grievance system.").

A.    **Personal Nature of § 1983 Claims**

1. **Legal Standard**

In many a § 1983 complaint, the plaintiff alleges that one or more primary actors deprived him of his constitutional rights.  *See, e.g., Shaw v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990).  The typical plaintiff further alleges that, subsequent to the initial injury to his constitutional rights, a number of other individuals who supervised the primary actors or who reviewed the plaintiff's challenge to the initial injury further harmed the plaintiff by failing to prevent or correct the conduct of the original actors.  *See, e.g., id.*  Under § 1983, however, a plaintiff must show that each and every defendant was "personal[ly] involve[d]" in

---

[4]There is no dispute that the Defendants, as prison officials, acted under the color of law.

depriving him of his rights.  *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2005).
There is no liability for a supervising or reviewing defendant based on the theories of
*respondeat superior* or vicarious liability.  *Shaw*, 920 F.2d at 1147; *Hampton v.
Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).

      A defendant's personal involvement may be shown through "allegations
of personal direction [of the deprivation of rights] or of actual knowledge and
acquiescence [in the deprivation]."  *Evancho*, 423 F.3d at 353 (quoting *Rode v.
Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).  Such allegations are sufficient
to survive a motion to dismiss when they name the individuals responsible, the
conduct, the time, and the place of the incident that deprived a plaintiff of his civil
rights.  *Evancho*, 423 F.3d at 353 (citing *Boykins v. Ambridge Area Sch. Dist.*, 621
F.2d. 75, 80 (3d Cir. 1980)).  Conversely, alleging a mere hypothesis that an
individual defendant had personal knowledge or involvement in depriving the
plaintiff of his rights is insufficient.  *Rode*, 845 F.2d at 1208.  Accordingly, a § 1983
complaint must be dismissed when it fails to contain "even a remote suggestion that
[a supervisory defendant] had contemporaneous, personal knowledge of [the alleged
harm] and acquiesced in it."  *Evancho*, 423 F.3d at 353 (3d Cir. 2005); *see Gay v.
Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

## 2. <u>Analysis</u>

      The only alleged deprivation of Plaintiff's civil rights that is properly
before the court is based on sexual harassment.  Only Defendant Roan is alleged to
have sexually harassed Plaintiff.  The involvement of Defendants Kerstetter,
Rackovan, Tennis, Snedeker, Meyers, Kyler, and O'Hara was limited to participating
in the administrative process of reviewing Grievance 24096.  Some of them had the

responsibility of supervising Defendant Roan's job performance, but, under *Evancho,* there is no liability under § 1983 for defendants on the theory of either *respondeat superior* or vicarious liability. *See* 423 F.3d at 353. Plaintiff's complaint contains neither a "hypothesis" nor a "remote suggestion" that any defendant but Defendant Roan sexually harassed him. Without any facts to support his assertion that Defendants Kerstetter, Rackovan, Tennis, Snedeker, Meyers, Kyler, and O'Hara violated his civil rights, Plaintiff's complaint must be dismissed with respect to those defendants. Accordingly, the court's further inquiry will focus solely on Defendant Roan.

## B.   Verbal Harassment

### 1. Legal Standard

"Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). A prisoner's rights are not violated when prison guards direct toward him racially derogatory or sexually explicit language, *id.*, vulgarity, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), profane and offensive name-calling, *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 188 n.3 (D.N.J. 1993), or "idle and laughing threat[s]," *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

Even in the context of sexual harassment directed at an inmate by a prison guard, words, without more, are not enough to state a claim for a violation of the Eighth Amendment. *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 903 (N.D. Cal. 2004). Sexual harassment may produce a colorable claim for violation of the Eighth

Amendment if "the alleged harassment was sufficiently harmful, that is, a departure from 'the evolving standards of decency that mark the progress of a maturing society,' and the defendant acted with intent to harm the prisoner." *Id.* (quoting *Thomas v. District of Columbia*, 887 F. Supp. 1, 4 (D.D.C. 1995)); *see Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Although courts consistently recognize the unsavory and unprofessional nature of purely verbal sexual harassment, none has held that such harassment so departs from society's standards of decency as to violate the Eighth Amendment. *E.g., MacLean v. Secor*, 876 F. Supp. 695, 698 (E.D. Pa. 1995).

In contrast, the Eighth Amendment is violated when an inmate endures verbal sexual harassment from prison guards plus physical sexual assault or threats of physical sexual assault. *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000); *see Farmer v. Brennan*, 511 U.S. 824, 834 (1994). Sexual assault upon a prisoner by a guard is "deeply offensive to human dignity," *Schwenk*, 204 F.3d at 1197 (quotation omitted), as is threatened sexual assault by another inmate, if intentionally incited by a guard, *Montero v. Crusie*, 153 F. Supp. 2d 368, 377 (S.D.N.Y. 2001); *Thomas*, 887 F. Supp. at 4-5 (D.D.C. 1995).

In *Montero*, guards spread rumors that the plaintiff was a homosexual, a pedophile, and was incarcerated for rape. 153 F. Supp. 2d at 373. They "sometimes screamed these things out loud and sometimes said them loudly to plaintiff irrespective of who else was listening." *Id.* The plaintiff alleged that, as a result of the rumors and public announcements, he was physically threatened and confronted by several of his fellow inmates. *Id.*; *see also Thomas*, 887 F. Supp. at 4-5.

9

In both *Montero* and *Thomas*, however, the rumors spread by the guards were only part of the reason that the respective defendants' motions to dismiss were denied; in each, the plaintiff also alleged sexual assault by the guards themselves. *Montero*, 153 F. Supp. 2d at 373; *Thomas*, 887 F. Supp. at 3; *c.f. Minifield*, 298 F. Supp. 2d at 902-3 (inmate's constitutional rights not violated by guard who teased him in a sexual manner then laughed at him after being asked to stop when guard never exposed himself or touched inmate in sexual manner).

## 2. Analysis

The alleged verbal sexual harassment here, without more, is insufficient to state a claim under § 1983, according to the litany of cases cited above.  Though this court has given Plaintiff's *pro se* pleadings the most liberal read, and construed all allegations in the light most favorable to him as the non-moving party on this motion to dismiss, the court will not conjure for him the facts that would sustain his cause.

The only facts properly before the court are those alleged in Plaintiff's Grievance and the allegations in his complaint that arise therefrom.  In the Grievance, he makes reference to Defendant Roan's "cronic [*sic*] desire" for verbally sexually harassing him.  Even assuming that this conclusory statement is true, mere verbal harassment is, as a matter of law, not a violation of a prisoner's civil rights. In his complaint, Plaintiff makes further assertions about Defendant Roan's pattern of verbal sexual harassment, and Plaintiff's resultant fear of physical harm from Defendant Roan.  As a matter of law under the PLRA and *Spruill*, this court is precluded from entertaining those assertions because there is no record that Plaintiff exhausted his administrative remedies in an attempt to resolve them.

10

Plaintiff's claims based on the events of June 28, 2002, also fail to state a claim for which relief may be granted.  He alleges that Defendant Roan 1) intimated to his cellmate that Plaintiff was gay; 2) made a "rash of sexually distasteful remarks" toward him, in front of a large number of Plaintiff's fellow inmates; and 3) suggested that Defendant Roan and Plaintiff "would be having sex right now" if they were alone, also in front of "several dozen" other inmates living on Plaintiff's housing unit.  These allegations are akin to those made in *Montero* and *Thomas*, in which rumors of plaintiffs' homosexuality were spread by the guards. Yet here, unlike in *Montero* and *Thomas*, Plaintiff makes no claim that he was threatened with sexual assault or otherwise confronted by his fellow inmates as a result of Defendant Roan's comments.  Nor does he allege physical sexual assault by Defendant Roan himself.  This case more closely resembles *Minifield*, in which the plaintiff suffered no threats or physical harm as a result of a guard's sexual teasing. Like the complaint in *Minifield*, Plaintiff's complaint will be dismissed because verbal sexual harassment, without more, does not state a claim for a violation of Plaintiff's civil rights.

Although the alleged statements by Defendant Roan fail to state a claim under § 1983, this court joins numerous other courts in expressing its distaste and dismay that such statements might be made and tolerated within the prison system. Not only do such statements contribute to the atmosphere of physical and psychological violence in prison, but they perpetuate hatred and fear of gay men. They normalize sexual assault of all kinds.  Although it may seem to guards and inmates alike that the prison's walls are a complete barrier to the wider world, the events that occur within those walls affect society as a whole.  The court understands

11

the need for inmate discipline, but urges prison officials not to resort to such base mechanisms of control.

**IV.**          **Conclusion**

        For the foregoing reasons, the court will grant Defendants' Motion to Dismiss.  An appropriate order will issue.

                                     s/Sylvia H. Rambo
                                    SYLVIA H. RAMBO
                                    United States District Judge

Dated:  September 14, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NELSON KIRK,               :    Civil No. 1:04-1990

          Plaintiff     :    JUDGE SYLVIA H. RAMBO

        v.            :

KENNETH ROAN, MR.     :
KERSTETTER, MR. J. RACKOVAN,  :
FRANK TENNIS, MAJOR     :
SNEDEKER, ROBERT MEYERS,   :
TSHANNA KYLER, and      :
H. CLIFFORD O'HARA,      :

        Defendants    :

**O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss is **GRANTED**.


                    s/Sylvia H. Rambo
                    SYLVIA H. RAMBO
                    United States District Judge

Dated:  September 14, 2006.